**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| **ECTOLINK, LLC,** <br><br> Plaintiff, <br><br> v. <br><br> **ELAVON, INC.,** <br><br> Defendant. | **JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Ectolink, LLC ("Ectolink" or "Plaintiff") files this Complaint against Elavon, Inc. ("Elavon" or "Defendant") for infringement of U.S. Patent No. 5,826,245 ("the '245 patent").

**THE PARTIES**

1. Ectolink, LLC is a Texas limited liability company with its principal office at 211 East Tyler St., Ste. 600-A, Longview, TX 75601.

2. Elavon is a Georgia corporation with its principal place of business located at Two Concourse Parkway, Suite 800, Atlanta, GA 30328. Upon information and belief, Elavon may be served via its registered agent, CT Corporation System at 1999 Bryan Street, Suite 900, Dallas, TX 75201.

**JURISDICTION AND VENUE**

3. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

4. The Court has personal jurisdiction over Defendant, including because Defendant has minimum contacts within the State of Texas; Defendant has purposely availed itself of the privileges of conducting business in the State of Texas; Defendant regularly conducts business within the State of Texas; and Ectolink's cause of action arises directly from Defendant's business contacts and other activities in the State of Texas.

5. Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b). On information and belief, Defendant has transacted business in this district, and has committed acts of patent infringement in this district.

## FACTUAL BACKGROUND

6. The '245 patent is entitled "Providing Verification Information for a Transaction." Ectolink is the owner of the '245 patent with ownership of all substantial rights in the '245 patent, including the right to exclude others and to enforce, sue, and recover damages for past and future infringement. A true and correct copy of the '245 patent is attached as Exhibit 1.

7. The '245 patent has been litigated previously in the Northern District of Illinois, Eastern Division, Case No. 1:13-cv-006339.

8. In the case, the defendant maintained that the '245 patent was invalid and moved the court to dismiss the complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. The defendant argued that the '245 patent claims an abstract concept and therefore does not maintain patentable subject matter required by 35 U.S. § 101.

9. The court held that when viewing the patent in the light most favorable to plaintiff, it plausibly recites a patent-eligible application of the idea of verifying a transaction and therefore denied the 12(b)(6) motion without prejudice.

## COUNT I
## (INFRINGEMENT OF U.S. PATENT NO. 5,826,245)

10. This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271, et seq.

11. The '245 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

**(Direct Infringement)**

12. Defendant has and continues to directly infringe one or more claims of the '245 patent in this judicial district and/or elsewhere in Texas and the United States, including at least claim 22 by, among other things, practicing methods that infringe the '245 patent including, but not limited to methods for providing verification information for a transaction between an initiating party and a verification-seeking party such as point-of-sale or internet transactions using a credit or debit card. Defendant is thereby liable for infringement of the '245 patent pursuant to 35 U.S.C. § 271.

13. Based on the information presently available to Ectolink, absent discovery, Ectolink contends that Defendant has and continues to directly infringe one or more claims of the '245 patent, including at least claim 22, by practicing the method in conjunction with other third parties who work synergistically with Defendant to provide verification information for a transaction using a nonsecure communication network, such as merchants, payment processors, gateways, and other issuing or acquiring banks (hereinafter "Participating Entities"). Defendant in conjunction with the Participating Entities have, at a minimum, directly infringed the '245 patent pursuant to 35 U.S.C § 271.

14. To the extent any of the asserted claims, such as claim 22, are construed to require action that is performed by a Participating Entity, such actions are attributable to Defendant in

3

accord with the principles of joint infringement in that Defendant retains direction and/or control over the actions of the Participating Entities.

15. On information and belief, Defendant exerts direction or control over the Participating Entities, at a minimum, through contractual obligations to provide services that include the performance of actions falling within at least one element of at least one of the asserted claims, such as claim 22.

16. In accordance with Fed. R. Civ. P. 11(b)(3), Ectolink will likely have additional evidentiary support after a reasonable opportunity for discovery on this issue.

17. Ectolink has been damaged as a result of Defendant's infringing conduct described herein. Defendant is, thus, liable to Ectolink in an amount that adequately compensates Ectolink for Defendant's infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by the Court under 35 U.S.C. § 284.

**(Indirect Infringement – Inducement)**

18. Based on the information presently available to Ectolink, absent discovery, and in the alternative to direct infringement, Ectolink contends that Defendant has and continues to indirectly infringe one or more claims of the '245 patent, including at least claim 22 by inducing others (e.g., merchants, payment processors, gateways, issuing banks, or acquiring banks) to practice methods in violation of one or more claims of the '245 patent.

19. Defendant has been on notice of the '245 patent since at least receipt of service of this Complaint.

20. Since Defendant has been on notice of the '245 patent, Defendant has knowingly induced infringement of the '245 patent, including at least claim 22 of the '245 patent, and possessed specific intent to encourage others' infringement.

21. Since Defendant has been on notice of the '245 patent, Defendant knew or should have known that its actions would induce actual infringement of the '245 patent, including at least claim 22 of the '245 patent.

22. Defendant provides support and encourages others (e.g., merchants, payment processors, gateways, issuing banks, and/or acquiring banks) to practice the methods and infringe at least claim 22 of the '245 patent. On information and belief, Defendant, at a minimum, provides support and encourages others through contractual obligations to provide services that include the performance of the patented methods. In accordance with Fed. R. Civ. P. 11(b)(3), Ectolink will likely have additional evidentiary support after a reasonable opportunity for further investigation or discovery on this issue.

23. Defendant has not produced any evidence as to any investigation, design around or that any remedial action was taken with respect to the '245 patent. In accordance with Fed .R. Civ. P. 11(b)(3), Ectolink will likely have additional evidentiary support after a reasonable opportunity for discovery on this issue.

24. Ectolink has been damaged as a result of Defendant's infringing conduct described in this Count. Defendant is, thus, liable to Ectolink in an amount that adequately compensates it for Defendant's infringement, which by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## JURY DEMAND

Ectolink hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

**PRAYER FOR RELIEF**

Ectolink requests that this Court find in its favor and against Defendant, and that this Court grant Ectolink the following relief:

a. Enter judgment for Ectolink on this Complaint;

b. Enter judgment that one or more claims of the '245 patent has been infringed, either directly or indirectly by Defendant;

c. Enter judgment that Defendant accounts for and pays to Ectolink all damages to and costs incurred by Ectolink because of Defendant's infringing activities and other conduct complained of herein;

d. Enter judgment that Defendant accounts for and pays to Ectolink a reasonable royalty and an ongoing post judgment royalty because of Defendant's past, present and future infringing activities and other conduct complained of herein;

e. Award Ectolink pre-judgment and post-judgment interest on the damages caused by Defendant's infringing activities and other conduct complained of herein; and

f. Award Ectolink such other and further relief as the Court may deem just and proper under the circumstances.

DATED: August 14, 2015                                  Respectfully submitted,

                                                        */s/ Todd Y. Brandt*
                                                        Todd Y. Brandt
                                                        TX SB # 24027051
                                                        BRANDT LAW FIRM
                                                        222 North Fredonia St
                                                        Longview, Texas 75601
                                                        Telephone: (903) 212-3130
                                                        Facsimile: (903) 753–6761
                                                        tbrandt@thebrandtlawfirm.com

                                                        Attorneys for Ectolink, LLC